**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

IN RE

JAMES ARNOLD RIDINGS and                                     CASE NO. 11-61253
BRENDA LYNN RIDINGS                                                CHAPTER 13

DEBTORS

**MEMORANDUM OPINION AND ORDER**

The Debtors filed a Motion to Modify Confirmed Chapter 13 Plan [ECF No. 57] and Objection to Proof of Claim of Internal Revenue Service [ECF No. 58], and the IRS objected [ECF Nos. 63, 66]. The parties also filed supplemental briefs [ECF Nos. 81, 82] in accordance with an agreed briefing schedule, and the matter is now submitted for decision.

The Motion and Objection are an attempt to reduce the secured claim of the IRS from $199,040.60, as set out on Proof of Claim 1-2 (the "Secured Claim"), to $160,921.43. POC 1-2 was timely filed on September 28, 2011, and amended December 19, 2011. The Debtors assert that $160,921.43[1] "is the equity that Debtors have in their personal and real property." [ECF No. 57.] The IRS argues that the Debtors may not change the treatment of the Secured Claim after confirmation of a plan that provides for payment based on the allowed secured claim of the creditor. If the Debtors cannot, then the Objection and Motion will not succeed.

1. Treatment of the IRS Claim by the Confirmed Plan.

The Debtors Amended Chapter 13 Plan [ECF No. 20] (the "Plan") was filed on February 21, 2012, and confirmed on April 25, 2012. [ECF No. 31.] The Debtors' statement that the "the secured claim of the IRS was not addressed in Debtors' Plan in any meaningful way

---

[1] Other papers filed by the Debtors reference a different reduced value for the IRS secured claim ($161,266.33). [*See* ECF Nos. 57, 58, and 82.] The discrepancy is minimal and has no effect on the analysis.

(except [in Section VII])" is incorrect.  Although the Plan did not specifically address the IRS claim, it is provided for in the catchall provision of Section II.F:

> An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. **Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less**, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

[ECF No. 20 (emphasis supplied).]

Section VII.A of the Plan incorporates a Chapter 13 Plan Payment Schedule that provides:  "Debtors' Chapter 13 Plan shall pay out 100 percent of the secured and priority claims."  [*Id.*]  The Plan Payment Schedule further provides that the Debtors will borrow money (by mortgaging unencumbered real estate) or sell property if plan payments are insufficient to pay all secured and priority claims in full.  [*Id.*]

On March 28, 2013, the Chapter 13 Trustee filed its Notice of Allowance of Claims (the "Trustee's Notice"), which is a document filed in every chapter 13 proceeding that "gives notice to the creditors listed below, debtor, and debtor's counsel, of the allowance of claims . . . ." [ECF No. 36.]  The Notice listed the "United States Treasury" with an allowed claim of $199,040.60 and designated the agency as a "SECURED PRO-RATA CREDITOR" based on POC 1-2.  [*Id.*]  The Trustee's Notice also provides:  "To the extent the allowance of claims contradicts the treatment of any claim in the confirmed plan, this Notice shall constitute a modification of the plan pursuant to 11 U.S.C. 1329."  [*Id.*]  No party objected within the 30-day objection period in the Trustee's Notice.

Under 11 U.S.C. § 1327(a), "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not

2

such creditor has objected to, has accepted, or has rejected the plan." Treatment of the IRS Secured Claim is therefore controlled by Sections II.F and VII.A of the Plan. Classification within the "junior class of secured claims" provided for in Section II.F is further confirmed by the Trustee's Notice, which designated the agency as the sole "SECURED PRO-RATA CREDITOR" provided for by the Plan.

      2.  <u>An Allowed Claim Addressed in the Confirmed Plan Is Paid According to the Plan</u>.

The Debtors' Plan provided for payment of the Secured Claim at either "the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less . . . ." [ECF No. 20.] The IRS Secured Claim was an allowed claim at the time the Plan was confirmed. 11 U.S.C. § 502(a) (a claim is deemed allowed if no party objects). Thus, the IRS has an allowed secured claim that should receive payment in full over the term of the plan, i.e., $199,040.60. The Debtors argue that, despite the treatment in the Plan, they may still object to the secured amount of the IRS claim because they believe the collateral is only worth $160,921.43. This argument does not succeed.

The Objection is a means to put into effect the modification of the Plan sought in the Motion. The Motion seeks to reduce the IRS Secured Claim so that the Debtors' Plan remains feasible. If the Secured Claim is not reduced, the Debtors are likely unable to make sufficient payments to satisfy all secured and priority claims as required by the Plan. *See* Trustee Response to Motion to Modify Confirmed Chapter 13 Plan [ECF No. 65].

But a debtor may not modify a plan to reclassify a secured claim as unsecured. *See* 11 U.S.C. § 1329(a); *see also Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 533-535 (6th Cir. 2000) ("A modification that reduces the claim of a secured debtor would add a claim to the class of unsecured creditors, a change prohibited by section 1329(a)."); *Charlick v. Cmty.*

3

*Choice Credit Union (In re Charlick)*, 444 B.R. 762, 766-67 (Bankr. E.D. Mich. 2011) (relying on *Nolan* to deny debtors' post-confirmation motion to reclassify a junior lienholder's claim from secured to unsecured in order to "strip off" a lien).  As recognized in *Nolan*, a plan modification cannot "violate section 1325(a)(5)(B), which mandates that a secured claim is fixed in amount and status and must be paid in full once it has been allowed." *Nolan*, 232 F.3d at 533.  Any doubt the Secured Claim was allowed at the secured value set out in the IRS proof of claim–$199,040.60–was eliminated by the Trustee's Notice.

The Debtor argues that POC 1-2 never valued the collateral because the space for the "Value of the Property" was blank.  But POC 1-2 conspicuously asserts a secured claim of $199,040.60 by listing that amount as the secured portion of its total claim of $467,353.22.  As previously explained, the Secured Claim was allowed at this amount under § 502(a).  Further, the Trustee's Notice evidences the Chapter 13 Trustee's intent to pay the IRS as a SECURED PRO-RATA CREDITOR with a total claim of $199,040.60.

Some courts have allowed post-confirmation challenges to the valuation of secured claims, most often due to a creditor's failure to file its proof of claim prior to plan confirmation.  *See, e.g., In re Adams*, 270 B.R. 263, 271 (Bankr. N.D. Ill. 2001) (finding no bar to such a challenge "where a debtor has no pre-confirmation opportunity to litigate the extent of a creditor's allowed secured claim under § 506(a)").  The Debtors could have, but did not, seek to reduce the Secured Claim by valuing the collateral at a reduced amount pursuant to 11 U.S.C. § 506(a).  [*See, e.g.,* ECF No. 20, Section II.A.]  *See also Storey v. Pees (In re Storey)*, 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008) (A plan modification may not address issues that were or could have been decided at the time of confirmation.).  Further, cases that allowed a subsequent objection do not suggest the existence of a notice filing like the Trustee's Notice.  The Trustee's

Notice is primarily for her benefit, but it also puts the Debtors' and their counsel on notice of the allowance and treatment of the Secured Claim by the Plan.

POC 1-2 was filed prior to confirmation and was allowed at the time of confirmation. There is no justification for the Debtors' failure to timely raise the valuation issue in this case. It is therefore ORDERED that the Debtors' Objection to Proof of Claim of Internal Revenue Service [ECF No. 58] is OVERRULED and related Amended Motion to Modify Confirmed Chapter 13 Plan [ECF No. 57] is DENIED.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Tuesday, December 22, 2015
(grs)